UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAELL BRUCE ANTHONY MCPHERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>B. CARPENTER,<br><br>    Defendant. | No. 2:25-cv-0202 DC CSK P<br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

On March 1, 2024, plaintiff was going to work in the lunchroom at High Desert State Prison ("HDSP"), and defendant commented he was going to make everyone strip naked. Plaintiff responded, "that's illegal, you know you can't do that."  (ECF No. 1 at 3.)  Defendant replied, "I ain't gonna see nothing anyway."  (Id.)  While plaintiff was on his way to mental health, defendant stripped plaintiff down naked, and while he was searching plaintiff's clothes, looked directly at plaintiff's penis.  (Id.)  Plaintiff confronted defendant and never went back to work again.  Plaintiff alleges sexual harassment, and as injury, claims he was humiliated, embarrassed, and suffered psychological trauma.

III.    SEXUAL HARASSMENT

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment.  Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)).  "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).  As "sexual assault serves no valid penological purpose . . . where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied."  Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6).  "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis for Eighth Amendment purposes."

Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).  In other words,

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild, 947 F.3d at 1144.

However, the Eighth Amendment does not protect all forms of sexual harassment.  See, e.g., Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (no Eighth Amendment claim when guard entered cell and approached prisoner while prisoner was on the toilet, rubbed his thigh against the prisoner's thigh, began smiling in a sexual manner, and left the cell laughing). "Where no inappropriate touching is pled, claims alleging mere verbal sexual harassment or otherwise sexually inappropriate conduct have generally been found to be noncognizable under the Eighth Amendment." Martin v. California Dep't of Corr. & Rehab., 2023 WL 6930801, at *2 (E.D. Cal. Oct. 19, 2023) (collecting cases), report and recommendation adopted, 2023 WL 7928216 (E.D. Cal. Nov. 16, 2023).

IV.   DISCUSSION

Here, plaintiff alleges no physical touching.  Further, plaintiff alleges no sexual conduct and no verbal harassment that included sexually harassing terms or innuendo.  See Martin, 2023 WL 6930801, at *2.  Even assuming defendant's alleged comment that he wouldn't see anything constituted sexual innuendo, looking at plaintiff's penis is insufficient to state a cognizable sexual abuse claim.  See, e.g., Alverto v. Dep't of Corrs., 2013 WL 1750710, at *11-12 (W.D. Wash. Feb. 15, 2013) (recommending summary judgment for defendant correctional officer on Eighth Amendment claim where defendant, during a strip search of prisoner, said, "[L]et's see how long your weiner hangs" and "lustfully stare[d] at his body" in a search that lasted approximately two minutes), adopted by 2013 WL 1743878 (W.D. Wash. Apr. 23, 2013); Johnson v. Carroll, 2012 WL 2069561, at *30 (E.D. Cal. June 7, 2012) (recommended summary judgment for defendant correctional officer on Eighth Amendment claim where defendant conducted unclothed body search of plaintiff, where plaintiff had to squat, pull his buttocks apart and cough three times,

defendant told plaintiff to show him his "ass," and defendant became sexually aroused), adopted by 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012).

In light of these authorities, and all of the authorities collected in Martin, 2023 WL 6930801, at *2, plaintiff's allegations fail to state a cognizable Eighth Amendment claim. Therefore, plaintiff's complaint must be dismissed.

V.     LEAVE TO AMEND

It does not appear that plaintiff can amend his complaint to state a cognizable civil rights claim based on the March 1, 2024 strip search. However, in an abundance of caution, plaintiff is granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is not granted leave to add new claims or new defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10, 13) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the Court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 10, 2025

                                             CHI SOO KIM
                                             UNITED STATES MAGISTRATE JUDGE

/1/mcph0202.14new.csk

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAELL BRUCE ANTHONY MCPHERSON,

        Plaintiff,

  v.

B. CARPENTER,

        Defendant.

No. 2:25-cv-0202 DC CSK P

NOTICE OF AMENDMENT

    Plaintiff submits the following document in compliance with the Court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff