UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAELL BRUCE ANTHONY MCPHERSON, | No. 2:25-cv-0202 DC CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B. CARPENTER, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff's amended complaint is before the Court. As discussed below, plaintiff's amended complaint should be dismissed with prejudice.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

3    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

6    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

7    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

8    1227.

9        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

12    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

14    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

15    sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

16    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

17    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

18    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

19    quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

20    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

21    pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236

22    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

23    II.    PLAINTIFF'S AMENDED COMPLAINT

24        Plaintiff's amended complaint incorporates the factual allegations from his appended

25    administrative grievance. (ECF No. 19 at 3, 5.) Plaintiff is on "A Yard," and alleged that

26    defendant B, Carpenter used "D-Yard" to justify stripping plaintiff naked. (Id. at 5.) Prior to

27    defendant coming to work, plaintiff alleges that defendant said he was stripping everybody down

28    naked, and everyone knows defendant as the "homosexual officer." (Id.) Plaintiff claims a few

1  inmates said something, and defendant responded, "I ain't gonna see nothing anyway." (Id.)
2  Plaintiff looked at the camera footage with M. Anderson, and "while defendant was searching [a]
3  prison jacket, his head will tilt, and he was looking at [plaintiff's] penis." (Id.) Plaintiff states
4  that is sexual harassment under PREA. (Id.) Plaintiff did not set forth any injury. (Id.)

5  As relief, plaintiff claims the monetary remedy of $5,241,302.07 has already been granted.
6  (Id. at 4.)

7  III.    SEXUAL HARASSMENT

8  Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth
9  Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v.
10 Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). "In evaluating a prisoner's claim, courts consider
11 whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged
12 wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Wood, 692
13 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). As
14 "sexual assault serves no valid penological purpose . . . where an inmate can prove that a prison
15 guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the
16 very purpose of causing harm, and the subjective component of the Eighth Amendment claim is
17 satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at
18 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the
19 conscience of mankind' and therefore not de minimis for Eighth Amendment purposes."
20 Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10). In other words,

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

25 Bearchild, 947 F.3d at 1144.

26 However, the Eighth Amendment does not protect all forms of sexual harassment. See,
27 e.g., Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (no Eighth Amendment claim when
28 guard entered cell and approached prisoner while prisoner was on the toilet, rubbed his thigh

3

against the prisoner's thigh, began smiling in a sexual manner, and left the cell laughing). "Where no inappropriate touching is pled, claims alleging mere verbal sexual harassment or otherwise sexually inappropriate conduct have generally been found to be noncognizable under the Eighth Amendment." Martin v. California Dep't of Corr. & Rehab., 2023 WL 6930801, at *2 (E.D. Cal. Oct. 19, 2023) (collecting cases), report and recommendation adopted, 2023 WL 7928216 (E.D. Cal. Nov. 16, 2023).

IV.     DISCUSSION

Plaintiff now claims that defendant violated the Prison Rape Elimination Act of 2003 ("PREA"). "In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Blessing v. Freestone, 520 U.S. 329, 340 (1997) (citation omitted). The PREA, at 42 U.S.C. § 15601 et seq., "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission." Porter v. Jennings, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (citing collected cases). As relevant here, nothing in the PREA indicates it created a private right of action that is enforceable under 42 U.S.C. § 1983 or otherwise. Because the PREA itself contains no private right of action, there is no corresponding right enforceable under § 1983. See Graham v. Connor, 490 U.S. 386, 393-94 (1989) ("Section 1983 . . . provides a method for vindicating federal rights conferred elsewhere."). Thus, plaintiff fails to state a claim under the PREA.

Further, plaintiff alleges no physical touching, no sexual conduct and no verbal harassment that included sexually harassing terms or innuendo. See Martin, 2023 WL 6930801, at *2. Even assuming defendant's alleged comment that he wouldn't see anything constituted sexual innuendo, looking at plaintiff's penis is insufficient to state a cognizable sexual abuse claim. See, e.g., Alverto v. Dep't of Corrs., 2013 WL 1750710, at *11-12 (W.D. Wash. Feb. 15, 2013) (recommending summary judgment for defendant correctional officer on Eighth Amendment claim where defendant, during a strip search of prisoner, said, "[L]et's see how long your weiner hangs" and "lustfully stare[d] at his body" in a search that lasted approximately two minutes), adopted by 2013 WL 1743878 (W.D. Wash. Apr. 23, 2013); Johnson v. Carroll, 2012 WL 2069561, at *30 (E.D. Cal. June 7, 2012) (recommending summary judgment for defendant

1  correctional officer on Eighth Amendment claim where defendant conducted unclothed body
2  search of plaintiff, where plaintiff had to squat, pull his buttocks apart and cough three times,
3  defendant told plaintiff to show him his "ass," and defendant became sexually aroused), adopted
4  by 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012).

        In light of these authorities, and all of the authorities collected in Martin, 2023 WL
6930801 at *2, plaintiff's allegations fail to state a cognizable Eighth Amendment claim.
Therefore, plaintiff's amended complaint must be dismissed.

V.      LEAVE TO AMEND

        Plaintiff has been granted leave to amend, yet failed to provide any facts that suggest he can state a cognizable civil rights claim based on the strip search by defendant. The Court instructed plaintiff on the applicable law and pleading requirements. (ECF No. 15.) Despite affording plaintiff an opportunity to correct the deficiencies in his original complaint, the amended complaint fails to adequately state any plausible § 1983 claim. Thus, the Court finds any further leave to amend would be futile, and recommends the district court dismiss the amended complaint without further leave to amend. McKinney v. Baca, 250 F. App'x 781 (9th Cir. 2007) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (a district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed with prejudice, and this action be terminated.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

///
///

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  Dated: 03/06/25

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6  /1/mcph0202.56